PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of a final order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. Because the portions of the record attached to the order do not conclusively show that appellant is entitled to no relief, we reverse.
In his motion, appellant alleged that his trial counsel had been ineffective because he misinformed him regarding the consequences of entering a plea. According to appellant, he entered a plea only because his counsel had told him that he would not receive a mandatory minimum 3-year sentence, and that “he would be ‘in’ a work release within ten (10) days to two weeks ... and that he would be out of prison at the end of three years, counting the time he had spent in the County jail.” Appellant further alleged that, when he was received by the Department of Corrections, he learned for the first time that counsel’s representations were false. As a separate claim, appellant also alleged that he had pled to, and been adjudicated guilty of, kidnapping during the commission of a felony. According to him, “[t]here is no judgment for use of a firearm, therefore no mandatory could be imposed.” Based upon these allegations, appellant claims that the 3-year mandatory minimum sentence he received for use of a firearm is illegal.
The portions of the record attached to the trial court’s order denying relief do not conclusively show that appellant is entitled to no relief on these claims. Accordingly, we reverse and remand. If the trial court again determines that appellant is entitled to no relief, it shall attach to its order those portions of the record which conclusively establish that.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.